The Honorable Randy Thurman State Representative P.O. box 584 Heber Springs, AR 72543
Dear Representative Thurman:
This is in response to your request for an opinion concerning the legality of the sale of three "adult" magazines: (1) ADULT CINEMA, Feb., 1989; (2) HIGH SOCIETY, Oct., 1989; and (3) BEST OF ADULT ACTION GUIDE, July, 1989. Specifically, you have requested that this Office determine whether the sale of these three magazines in Arkansas is contrary to Arkansas criminal statutes which forbid the sale of obscene material, and any modification of these statutes in light of recent United States Supreme Court cases.
Any determination of whether particular books, magazines or movies are "obscene" as a legal matter must begin with Arkansas' statutory definition of obscenity. "Obscene material" is defined in A.C.A. 5-68-302(4) as follows:
`Obscene material' means material which:
 (a) Depicts or describes in a patently offensive manner sadomasochistic abuse, sexual conduct, or hard-core sexual conduct;
 (b) Taken as a whole, appeals to the prurient interest of the average person, applying contemporary statewide standards; and
 (c) Taken as a whole, lacks serious literary, artistic, political, or scientific value.
This definition of obscene material is based upon the holding of the United States Supreme Court in the landmark case of MILLER v. CALIFORNIA, 413 U.S. 15 (1973). SEE DUNLAP v. STATE, 292 Ark. 51,728 S.W.2d 155, CERT. DENIED, 108 S. Ct. 155 (1987). This definition of "obscene material" has withstood repeated challenges in both Arkansas state courts and in federal courts. The only recent change in the MILLER definition of "obscene material" occurred in the recent United States Supreme Court case of POPE v. ILLINOIS, 107 S. Ct. 1918 (1987). In POPE v. ILLINOIS, the United States Supreme Court modified the MILLER definition of "obscene material" slightly by holding that the "serious literary, artistic, political or scientific value" of alleged obscene material is to be determined by a "reasonable person" standard rather than by the standards of the community in which the obscenity prosecution is taking place. In other words, POPE v. ILLINOIS holds that, for example, in an obscenity prosecution in Heber Springs, the "serious literary, artistic, political or scientific value" of material alleged to be obscene is to be measured by the standard of a "reasonable person" rather than by the standards of value of an average Heber Springs citizen. All in all, the POPE v. ILLINOIS modification of the MILLER definition of "obscene material" makes convictions for communities that have strict views regarding the so-called "literary, artistic, political or scientific value" of obscene material.
While this definition of "obscene material" is fairly easy to state, it is much more difficult to apply. As Justice Brennan of the United States Supreme Court observed, a factual determination that material is obscene is so perplexing that "as long as the MILLER test remains in effect `one cannot say with certainty that material is obscene until at least five members of this Court, applying inevitably obscure standards, have pronounced it so'." JENKINS v. GEORGIA, 418 U.S. 153, 164-65 (1974). More importantly, factual determinations are ordinarily not within the proper scope of an Attorney General opinion. At most, my office can inform you of the definition of "obscene material," which I have done. As to whether these PARTICULAR magazines are obscene, this determination will have to be made by a jury that has been properly instructed on the legal definition of "obscene material."
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.